Douglas J. Farmer, Cal. Bar No. 139646
douglas.farmer@ogletreedeakins.com
Christopher M. Ahearn, Cal. Bar No. 239089
chris.ahearn@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:    415.442.4810
Facsimile:    415.442.4870

Attorneys for Defendant
KRAFT FOODS GROUP, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| JOSE RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KRAFT FOODS GROUP, INC., a Virginia corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT KRAFT FOODS GROUP, INC.**<br><br><br>Complaint Filed:  June 5, 2014<br>Trial Date:　　　　TBD |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant KRAFT FOODS GROUP, INC. ("Defendant" or "Kraft"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of California for the County of Fresno to the United States District Court for the Eastern District of California. Defendant's removal petition is based on the following:

**I.     PROCEDURAL BACKGROUND**

On June 5, 2014, Plaintiff JOSE RODRIGUEZ ("Plaintiff" or "Rodriguez") filed his Class Action Complaint in this case in the Superior Court of California for the County of Fresno, entitled *Jose Rodriguez, on behalf of himself, and all other similarly situated, Plaintiff v. Kraft Foods Group, Inc., a Virginia corporation; and DOES 1 through 100, inclusive, Defendants*, and assigned Case No. 14CECG01626 (the "Complaint").  Plaintiff's Complaint alleges class-wide claims for: (1) Failure to Provide Meal and Rest Periods (Labor Code §§ 226.7, 512); (2) Failure to Timely Pay Wages (Labor Code §§ 201-204); (3) Failure to Maintain Pay Records and Provide Accurate Itemized Statements (Labor Code §§ 226, 1174); and (4) Unfair/Unlawful/Fraudulent Business Practices (California Business & Professions Code §§ 17200, *et seq.*)  A true and correct copy of the Complaint is attached as **"Exhibit A"** to this Notice of Removal.

On June 18, 2014, Plaintiff served the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management Conference And Assignment Of Judge For All Purposes on Defendant.  True and correct copies of Plaintiff's Summons, Civil Case Cover Sheet, Notice of Case Management Conference And Assignment Of Judge For All Purposes are attached as **"Exhibit B"** to this Notice of Removal.

Defendant answered Plaintiff's Complaint in the Fresno County Superior Court on July 18, 2014.  A true and correct copy of Defendant's Answer is attached hereto as **"Exhibit C"** to this Notice of Removal.

Defendant has not been served with any other documents in this matter aside from Plaintiff's Complaint, Summons, Civil Case Cover Sheet, Notice of Case Management Conference

And Assignment Of Judge For All Purposes, true and correct copies of which are attached hereto as **Exhibits "A" and "B."**

As is set out more fully below, based on the allegations of the Complaint and other evidence (*see* accompanying Declaration of Brian Schneider), this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d), and hence the action may be removed by Defendant pursuant to 28 U.S.C. § 1441.  Original jurisdiction exists here because there are at least 100 class members in the proposed plaintiff class, the combined claims of all class members exceed $5 million, and Defendant is a citizen of a different state than at least one class member.

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Timeliness

Pursuant to 28 U.S.C. § 1446(b),"[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable".

Service of the Summons and Complaint on Defendant was effective on June 18, 2014. Therefore, removal is timely, as the action is being removed within the thirtieth day of service in accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C).

### B. Venue

The Superior Court of California, Fresno County, is located within the Fresno Division of the Eastern District of California.  Therefore, the action is properly removed to this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### C. Procedural Requirements

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant are attached as **"Exhibits A-B"** to this Notice of Removal.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is

being filed with the Clerk of the California Superior Court in Fresno County and with the Clerk of the Eastern District of California.

## III. THE CASE IS REMOVABLE PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA")

As set forth below, Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. § 1332(d).

Under CAFA, the Federal District Court has jurisdiction if:

(a) There are as least 100 class members in the proposed plaintiff classes;

(b) The combined claims of all class members exceed $5 million; and

(c) Any class member (named or not) is a citizen of a different stat than any defendant.

28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

### A. There Are At Least 100 Class Members In The Proposed Plaintiff Classes

In this action, Plaintiff seeks to represent a class that consists of, "[a]ll persons who, at any time after four (4) years prior to the filing of this action through the date of trial, are or were employed by Defendant in California as hourly paid production employees." (Complaint ¶ 14). Because the California Class alone, in fact, exceeds 100 members, the requirements of 29 U.SC. 1332(d)(5)(B) are satisfied. *See* Declaration of Brian Schneider ("Schneider Decl."), ¶ 3.

### B. The Combined Claims of All Class Members Exceeds $5 Million

The "amount in controversy" requirement is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10-4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiffs' complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

In other words, "the amount in controversy is simply an estimate of the total amount in

3                                                                                          Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
OF DEFENDANT KRAFT FOODS GROUP, INC.

dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "The amount in controversy is determined by the universe of what the plaintiff puts at-issue in the complaint." *Schiller v. David's Bridal, Inc.*, No. 1:10-CV-00616 AWI, 2010 WL 2793650, at * 6 (E.D. Cal. July 14, 2010). To establish the amount in controversy, a defendant "need not concede liability for the entire amount," and it is error for a district court to require such a showing. *Lewis*, 627 F.3d at 400; *see also Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," and that the court may also consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal) (citations omitted).

Based on Plaintiff's allegations in the Complaint and other evidence, the aggregate value of the claims of all proposed plaintiff classes easily exceeds the $5 million in controversy threshold needed to establish federal jurisdiction under CAFA. The $5 million jurisdictional minimum may be based on aggregation of the claims in controversy of all potential class members. 28 U.S.C. § 1132(d)(6). As is shown below, Plaintiff's claims on behalf of the California Class alone far exceed the $5 million in controversy threshold.

Plaintiff's First Cause of Action seeks "wage premiums" in the form of one hour of pay at the class members' regular rate of pay for each day on which correct meal <u>or</u> rest periods were not provided. Complaint, ¶¶ 18-22. This means that Plaintiff claims up to two (2) hours' pay for each working day, one (1) for meal periods and one (1) for rest periods. Plaintiff seeks such wage premiums for a time period from three (3) years prior to the filing of the Complaint on June 5, 2014, however he alleges that the liability period on such claims is effectively extended to four (4) years pursuant to his Fourth Cause of Action based on Cal. Lab. Code §§ 17200, *et seq. Id.*; ¶¶ 38-45.

In the Complaint, Plaintiff alleges that Defendant "routinely" failed to provide meal and

rest breaks.  Complaint, ¶ 19.

During the time period from June 5, 2010 to the present, Defendant employed an average of approximately 1,100 non-exempt employees in California at any one time.  Schneider Decl., ¶ 3.  Such employees were paid an average of approximately $17.44 per hour.  *Id.*  Even assuming conservatively that 50 percent of such non-exempt employees were employed in production roles, the amount in controversy on this claim is:  550 employees x $17.44/hr x 2 (meal and rest period premiums) x 5 days per week x 48 weeks (full-time employment less 4 weeks per year to account for vacation, holidays, etc.) x 4 years = $18,416,640.  Therefore, without even considering Plaintiff's additional causes of action for "waiting time" and wage statement penalties, the amount in controversy requirement is plainly satisfied here.  *See* 28 U.S.C. §§ 1332(d)(2).

### C. Plaintiff Citizen Of A Different State Than Defendant

For purposes of establishing diversity under CAFA, this Court need only find that there is diversity between one putative class member and Defendant.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).  The minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because Plaintiff Rodriguez, a putative class member, is a citizen of the State of California while Defendant is a citizen of Virginia and Illinois.

Kraft Foods Group, Inc. is a Virginia corporation.  Schneider Decl., ¶ 2.  Defendant's principal place of business is located in Illinois which is the location of its corporate "nerve center."  *Id.*  Defendant's corporate headquarters, where Defendant conducts the majority of its administrative functions, including those administrative functions crucial to Kraft's day to day operations, is in Illinois.  *Id.*  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  A corporation's headquarters is presumptively the location of its "principal place of business."  *Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010) ("[I]n practice [a company's principal place of business] should normally be the place where the corporation maintains its headquarters--provided that the headquarters is the actual center of direction, control and coordination, *i.e.*, the 'nerve center'".)  For the purposes of federal diversity jurisdiction, Defendant is a citizen of the States of Virginia and Illinois, not of California.  *See id.*

Plaintiff is a citizen of California.  Complaint, ¶ 8.  Moreover, Plaintiff defines the proposed class with reference to Defendant's California employees.  *See* Complaint, ¶ 14.

Thus, minimal diversity exists in this case, which qualifies the matter for CAFA removal.

## V. **CONCLUSION**

This Court has jurisdiction over Plaintiff's claims by virtue of CAFA.  This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441.

In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes the above-action to this Court.

DATED: July 18, 2014                                      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Christopher M. Ahearn*
     Douglas J. Farmer
     Christopher M. Ahearn
     Attorneys for Defendant
     KRAFT FOODS GROUP, INC.