*Jose Rodriguez v. Kraft Foods Group, Inc.*
**U.S. District Court – Eastern District of California - Fresno Division**
**Case No. _____**

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
BY DEFENDANT KRAFT FOODS GROUP, INC.**

## <u>EXHIBIT A</u>

1 | R. Duane Westrup, Bar No. 58610
Phillip R. Poliner, Bar No. 156145
2 | ppoliner@westrupassociates.com
Cat N. Bulaon, Bar No. 206612
3 | cbulaon@westrupassociates.com
WESTRUP & ASSOCIATES
4 | 444 West Ocean Boulevard, Suite 1614
Long Beach, CA 90802
5 | Telephone:    (562) 432-2551
Facsimile:    (562) 435-4856
6

FILED

JUN - 5 2014

SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY _____
DEPUTY

7 | Attorneys for Plaintiff JOSE RODRIGUEZ,
individually and on behalf of all others similarly situated

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**COUNTY OF FRESNO**

10

14 CE CG 01626

11 | JOSE RODRIGUEZ, on behalf of himself and
all others similarly situated,
12

Case No.

**CLASS ACTION**

13 | Plaintiff,

**COMPLAINT FOR:**

14

15 | v.

16

17 | KRAFT FOODS GROUP, INC., a Virginia
corporation; and DOES 1 through 100,
18 | inclusive,

19 | Defendants.

20

1. **Failure to Provide Meal and Rest Periods** [*Labor Code* §§ 226.7, 512];
2. **Failure To Timely Pay Wages** [*Labor Code* §201-204];
3. **Failure to Maintain Pay Records and Provide Accurate Itemized Statements** [*Labor Code* §§ 226, 1174]; and
4. **Unfair/Unlawful/Fraudulent Business Practices** [*Business and Professions Code* §17200 et seq.].

**DEMAND FOR JURY TRIAL**

21

22

23

24

BY FAX

25

26

27

28

---

1

COMPLAINT

1

## INTRODUCTION

2    1.    This is a class action on behalf of a class of hourly paid production employees

3  who were or are employed by Defendant KRAFT FOODS GROUP, INC. ("Defendant") in

4  California and who have been victims of Defendant's practice of violating California *Labor*

5  *Code* sections 201-204, 226, 226.7, 512, 1174, and California *Business and Professions Code*

6  §17200 et seq. ("UCL"), failure to provide duty free meal and rest periods, failure to timely pay

7  all wages owed upon termination of employment, and failure to provide accurate itemized wage

8  statements and maintain pay records.

9    2.    Plaintiff JOSE RODRIGUEZ brings this action on behalf of himself and similarly

10  situated persons who during the four (4) years prior to the filing of this action through the date of

11  trial, or other applicable statute of limitations ("Class Period"), were damaged and injured by

12  Defendant's conduct, based upon information and belief that Defendant is continuing, and will

13  continue, its unlawful practices as described herein.

14    3.    As used herein, the term "Plaintiff" includes JOSE RODRIGUEZ who is the

15  named Class representative.

16    4.    As used hereinafter, the term "Defendant" refers to Defendant KRAFT FOODS

17  GROUP, INC., a Virginia Corporation, and DOES 1 through 100.

18

19

## JURISDICTION AND VENUE

20    5.    This Court has jurisdiction over the action pursuant to *Code of Civil Procedure* §

21  410.10 and pursuant to California Constitution, Article VI, §10.

22    6.    The Defendant has sufficient minimum contacts with the State of California or

23  otherwise intentionally avails itself of the laws and markets of the State of California so as to

24  sustain this Court's jurisdiction over the Defendant.

25    7.    Pursuant to *Code of Civil Procedure* Section 395(a), venue is proper in this

26  judicial district because Defendant transacts business in Fresno County and/or was the employer

27  of some of the Class Members within Fresno County.  The monetary claims of Plaintiff are

28  within the jurisdiction of this Court.  Therefore, venue is proper in this county.

1

**THE PARTIES**

2      8.      Plaintiff resides in California, is a competent adult and was, at various times

3  during the applicable statute of limitations, an hourly paid production employee of Defendant in

4  California.  Plaintiff was employed as an hourly paid production employee in California by

5  Defendant during the Class Period. Plaintiff is a member of the Class, which is defined in below,

6  and has claims that are common to those of the Class Members.

7      9.      Each of the Class Members is identifiable, similarly situated and was employed

8  by Defendant during the Class Period.  Plaintiff reserves the right to seek additional amendment

9  of this Complaint to add as named plaintiff some or all of the persons who are members of the

10  Class.  Plaintiff reserves the right to amend the Class Definitions herein as discovery progresses.

11      10.      Plaintiff is informed and believes and thereon alleges that Defendant operates

12  throughout the State of California, and was the employer of Plaintiff and the Class during the

13  Class Period.

14      11.      Defendants DOES 1 through 100, are owners, operators, managers, successors,

15  predecessors, subsidiaries of or owned entities of Defendants, and each of them, or are persons or

16  entities otherwise responsible for paying the wages, penalties, and damages alleged herein, who

17  were conducting business in the State of California and employing Class Members in the State of

18  California.  Plaintiff is ignorant of the true names, capacities, relationships and extent of

19  participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 100,

20  inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this

21  Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

22

23

**GENERAL ALLEGATIONS**

24      12.      During all or a portion of the Class Period, Plaintiff and each member of the Class

25  were employed as hourly paid production employees by Defendant in the State of California.

26  Plaintiff was employed by Defendant as an hourly paid production employee until August 2013.

27

28

3

13.     During their employment, Plaintiff and Class Members were employees covered under one or more regulations or Industrial Welfare Commission (IWC) Wage Orders, including, but not limited to, Wage Order 4-2001.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on behalf of himself and all other similarly situated persons, as a class action pursuant to *Code of Civil Procedure* section 382.  The Class is composed of and defined as follows:

> **All persons who, at any time after four (4) years prior to the**
> **filing of this action through the date of trial, are or were**
> **employed by Defendant in California as hourly paid**
> **production employees.**

15.     This action has been brought and may be maintained as a class and representative action pursuant to *Code of Civil Procedure* section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the Court.

a.      The Class Members are so numerous that the individual joinder of all Class Members is impractical.  While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes there are hundreds of Class Members. Therefore, joinder of all Class Members is impractical.

b.      Common questions of law and fact exist as to Plaintiff and Class Members and predominate over any questions which affect only individual members of the class. Defendant engaged in common practices throughout its locations in California, raising common questions which include, but are not limited to:

(1)     Whether Defendant violated *Labor Code* §§ 226.7 and 512 by failing to provide duty free meal periods to Plaintiff and the Class;

(2)     Whether Defendant violated *Labor Code* §§226 and 1174 by failing to maintain pay records and provide accurate itemized statements to Plaintiff and the Class;

4
COMPLAINT

1    (3)    Whether Defendant violated *Labor Code* §203 by failing to timely

2  pay all wages owed to Plaintiff and members of the Class whose employment with Defendant

3  has terminated;

4    (4)    Whether Defendants violated *Labor Code* § 204 by failing to pay

5  Plaintiff and the Class members all owed wages on designated regular paydays;

6    (5)    Whether Defendant violated *Business and Professions Code*

7  §17200 by engaging in an unfair, unlawful, or fraudulent business practice;

8    (6)    The effect upon and the extent of any injuries sustained by Plaintiff

9  and Class Members and the appropriate type and/or measure of damages;

10    (7)    The appropriateness and nature of relief to Class Members;

11    (8)    The extent of liability of each Defendant, including DOE

12  Defendant, to Plaintiff and each Class Member.

13    c.    Plaintiff's claims are typical of the members of the Class. Plaintiff, like

14  other members of the Class, worked for Defendant in California as an hourly paid production

15  employee and was subjected to Defendant's policy and practice of failing to provide duty free

16  meal and rest periods and pay the premium for such failures, failing to timely pay all wages

17  owed, and failing to provide accurate wage statements, in violation of California's wage and

18  hour laws. Plaintiff's job duties and claims were and are typical of those of other members of

19  the Class who worked for Defendant as hourly paid production employees in California.

20    d.    Plaintiff will adequately and fairly protect the interest of the members of

21  the Class. Plaintiff was employed by Defendant as an hourly paid production employee at times

22  during the Class Period and is an adequate representative for the Class, as he has no interest

23  adverse to the interests of the absent Class Members. Plaintiff has retained legal counsel with

24  substantial experience in civil litigation, employment law and class action litigation.

25    e.    A class action is superior to other available means of fair and efficient

26  adjudication of the claims of the Class Members since joinder of all Class Members is

27  impractical. Class action treatment will allow a large number of similarly situated persons to

28  prosecute their common claims in a single forum, simultaneously, efficiently, and without the

1   unnecessary duplication of effort and expense that numerous individual actions would cause to

2   such plaintiff or to the court system. Further, the damages of many individual Class Members

3   may be relatively small, and the burden and expenses of individual litigation would make it

4   difficult or impossible for individual members of the class to seek and obtain relief, while a class

5   action will serve an important public interest. Further, individual litigation would present the

6   potential for inconsistent or contradictory judgments.

7       16.     Plaintiff knows of no difficulty which will be encountered in the management of

8   this litigation which would preclude its maintenance as a class action.

9       17.     The names and addresses of the members of the Class are available from

10  Defendant. Notice will be provided to the members of the Class via first class mail and/or by the

11  use of techniques and a form of notice similar to those customarily used in class actions.

12

13                          **FIRST CAUSE OF ACTION**

14                  **[FAILURE TO PROVIDE MEAL AND REST PERIODS**

15               **IN VIOLATION *OF LABOR CODE* §§ 226.7 and 512]**

16      18.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 17

17  inclusive as if fully set forth herein.

18      19.     Defendant routinely failed to provide Plaintiff and Class Members with a 30

19  minute duty free meal period prior to the end of their fifth hour of work, rest period, and/or to

20  pay Plaintiff and Class Members one additional hour of pay for each duty free meal and rest

21  period that was not provided in accordance with *Labor Code* Sections 226.7 and 512 and the

22  applicable Wage Order, from a three-year period prior to the filing of the Complaint to present.

23  Defendant also failed to record duty free meal periods taken by Plaintiff and Class Members. If

24  an employer's records show no meal period for a shift over five hours, a rebuttable presumption

25  arises that no meal period was provided. *See, e.g.,* Industrial Welfare Commission, Wage Orders,

26  §7(A)(3); *Brinker Restaurant Corp. v. Sup. Ct.* (Hohnbaum) (Apr. 12, 2012), 53 Cal.4th 1004,

27  1053. To place the burden elsewhere would offer an employer an incentive to avoid its recording

28  duty and a potential windfall from failing to record meal periods. *Id.* at 1053, n.1. Accordingly,

1   Defendant knew or should have known that Plaintiff and the Class were not being provided with

2   duty-free meal and rest periods as required by law.

3        20.    Defendant's conduct described in this Complaint violated and continues to violate

4   the provisions of *Labor Code* Sections 226.7 and 512 and the applicable Wage Orders, in that

5   Defendant did not and does not provide Plaintiff and Class Members meal and rest periods or

6   pay to Plaintiff and Class Members one hour wages as compensation for the duty free meal and

7   rest periods not provided as required by law. In sum, Plaintiff and members of the Class are

8   owed (a) one additional hour of pay for each work day that a duty free meal or rest period was

9   not provided during the relevant time period, pursuant to *Labor Code* § 226.7; (b) waiting time

10  penalties under California *Labor Code* § 203; and (c) interest.

11       21.    As a proximate result of the aforementioned violations, Plaintiff and Class

12  Members have been damaged in an amount according to proof at the time of trial, but not in an

13  amount in excess of the jurisdiction of this Court.

14       22.    In addition, if Plaintiff succeeds in enforcing these rights affecting the public

15  interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of*

16  *Civil Procedure* Section 1021.5 and other applicable law in part because:

17       (a)    A successful outcome in this action will result in the enforcement of

18  important rights affecting the public interest by requiring Defendant to comply with the wage

19  and hour laws and California's unfair business practice law;

20       (b)    This action will result in a significant benefit to Plaintiff, the Class, and

21  the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and

22  by causing the return of ill-gotten gains obtained by Defendant;

23       (c)    Unless this action is prosecuted, Class Members and the general public

24  will not recover those monies, and many of Defendant's employees would not be aware that they

25  were victimized by Defendant's wrongful acts and practices;

26       (d)    Unless this action is prosecuted, Defendant will continue to mislead its

27  employees about the true nature of their rights and remedies under the wage and hour laws; and

28

1      (e)   An award of attorneys' fees and costs is necessary for the prosecution of

2  this action and will result in a benefit to Plaintiff, the Class, and to consumers in general by

3  preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate the

4  long-standing recognition by the California legislature and the courts that such statutes, as pled

5  herein, are not merely a matter of private concern between employer and employee to be

6  eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

7  agreements.  Rather, the wage and hour statutes have been described as a matter of public

8  concern, were designed to provide minimum substantive guarantees to individual workers, and

9  are essential to public welfare.

10

11  **SECOND CAUSE OF ACTION**

12  **[FAILURE TO TIMELY PAY WAGES**

13  **IN VIOLATION OF *LABOR CODE* §§ 201-204]**

14      23.   Plaintiff incorporates by reference the allegations of Paragraphs 1 through 22

15  inclusive as if fully set forth herein.

16      24.   The class period for this cause of action is a three-year period prior to the filing

17  of the Complaint to the present.

18      25.   California *Labor Code* Section 201 provides in relevant part: "[i]f an employer

19  discharges an employee, the wages earned and unpaid at the time of discharge are due and

20  payable immediately."

21      26.   California *Labor Code* Section 202 provides in relevant part: "[i]f an employee

22  not having a written contract for a definite period quits his or her employment, his or her wages

23  shall become due and payable not later than 72 hours thereafter, unless the employee has given

24  72 hours previous notice of his or her intention to quit, in which case the employee is entitled to

25  his or her wages at the time of quitting."

26      27.   As alleged herein, Defendant failed to pay wages of Plaintiff and the Class

27  members who are former employees of Defendant at the time they became due and payable.

28  Thus, Defendant violated *Labor Code* §§ 201 and 202.

8
COMPLAINT

1     28.    Defendant's failure to pay wages as alleged herein was willful as Defendant

2 knew that Plaintiff and Class members did not receive all earned pay based on Defendant's

3 records.

4     29.    As a result of Defendant's unlawful acts, Class members who are former

5 employees of Defendant, or any of them, are entitled to recover, pursuant to *Labor Code* Section

6 203, continuing wages as a penalty from the due date thereof at the same rate until paid or this

7 action was commenced, but no more than thirty days, pursuant to *Labor Code* Section 203.

8     30.    Further, Defendant violated *Labor Code* § 204 by failing to pay Plaintiff and

9 Class members all owed wages on designated regular paydays.

10     31.    In addition, if Plaintiff succeeds in enforcing these rights affecting the public

11 interest, then attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of*

12 *Civil Procedure* § 1021.5 and other applicable law in part because:

13         (a)    A successful outcome in this action will result in the enforcement of

14 important rights affecting the public interest by requiring Defendant to comply with the wage

15 and hour laws and California's unfair business practice law;

16         (b)    This action will result in a significant benefit to Plaintiff, the Class, and

17 the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and

18 by causing the return of ill-gotten gains obtained by Defendant;

19         (c)    Unless this action is prosecuted, members of the Class and general

20 public will not recover those monies, and many of Defendant's employees would not be aware

21 that they were victimized by Defendant's wrongful acts and practices;

22         (d)    Unless this action is prosecuted, Defendant will continue to mislead its

23 employees about the true nature of their rights and remedies under the wage and hour laws; and

24         (e)    An award of attorneys' fees and costs is necessary for the prosecution

25 of this action and will result in a benefit to Plaintiff, the Class, and to the public in general by

26 preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate the

27 long-standing recognition by the California legislature and the courts that such statutes, as pled

28 herein, are not merely a matter of private concern between employer and employee to be

9
COMPLAINT

1   eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

2   agreements. Rather, the wage and hour statutes have been described as a matter of public

3   concern, were designed to provide minimum substantive guarantees to individual workers, and

4   are essential to public welfare.

6   **THIRD CAUSE OF ACTION**

7   **[FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS AND**

8   **MAINTAIN PAY RECORDS IN VIOLATION OF *LABOR CODE* §§ 226, 1174]**

9   32.   Plaintiff re-alleges and incorporates herein by reference each and every allegation

10   contained in Paragraphs 1 through 31 herein.

11   33.   *Labor Code* Section 226(a) requires employers to itemize in wage statements all

12   deductions from payment of wages and to accurately report total hours worked by employees and

13   gross wages earned.

14   34.   Beginning three years prior to the filing of this lawsuit, Defendant has

15   intentionally failed to comply with *Labor Code* Section 226(a) by failing to itemize in wage

16   statements all hours worked by Plaintiff and Class Members and their accurate earnings.

17   35.   As a result of Defendant's violation of *Labor Code* Section 226(a), Plaintiff and

18   the Class suffered injuries, including employee confusion over whether they received all wages

19   owed to them, difficulty and expense involved in reconstructing pay records, and forcing

20   employees to make mathematical computations to analyze whether the wages paid in fact

21   properly compensated them. Defendant knowingly and intentionally failed to provide to Plaintiff

22   and Class Members accurate itemized statements, in compliance with *Labor Code* Section

23   226(a), and did so in order to conceal their liability from Plaintiff and Class Members. Thus,

24   Plaintiff and Class Members have suffered injury and are entitled to recover the greater of actual

25   damages or fifty dollars ($50) for the initial pay period in which a violation of subsection (a) of

26   the *Labor Code* § 226 occurs, and one hundred dollars ($100) per class member for each

27   violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars

28   ($4,000), and are further entitled to an award of reasonable attorneys' fees and costs pursuant to

10
**COMPLAINT**

1   *Labor Code* § 226(e), injunctive relief pursuant to *Labor Code* Section 226(g), and are entitled to

2   an award of costs and reasonable attorneys' fees.

3          36.     Defendant also violates *Labor Code* § 1174(d) which requires Defendant to keep,

4   at a central location in the state or at the establishments at which employees are employed,

5   payroll records showing the hours worked daily by and the wages paid to employees.

6          37.     If Plaintiff succeeds in enforcing these rights affecting the public interest, then

7   attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure*

8   § 1021.5 and other applicable law in part because:

9                  (a)     A successful outcome in this action will result in the enforcement of

10  important rights affecting the public interest by requiring Defendant to comply with the wage

11  and hour laws and California's unfair business practice law;

12                 (b)     This action will result in a significant benefit to Plaintiff, the Class, and

13  the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and

14  by causing the return of ill-gotten gains obtained by Defendant;

15                 (c)     Unless this action is prosecuted, members of the Class and general public

16  will not recover those monies, and many of Defendant's employees would not be aware that they

17  were victimized by Defendant's wrongful acts and practices;

18                 (d)     Unless this action is prosecuted, Defendant will continue to mislead their

19  employees about the true nature of their rights and remedies under the wage and hour laws; and

20                 (e)     An award of attorneys' fees and costs is necessary for the prosecution of

21  this action and will result in a benefit to Plaintiff, the Class, and to consumers in general by

22  preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate the

23  long-standing recognition by the California legislature and the courts that such statutes, as pled

24  herein, are not merely a matter of private concern between employer and employee to be

25  eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

26  agreements.  Rather, the wage and hour statutes have been described as a matter of public

27  concern, were designed to provide minimum substantive guarantees to individual workers, and

28  are essential to public welfare.

## FOURTH CAUSE OF ACTION

## [UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICE

## IN VIOLATION OF *BUSINESS AND PROFESSIONS CODE* §17200 ET SEQ.]

38.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 37 herein.

39.     Beginning four years prior to the filing of this lawsuit, Defendant's conduct, as set forth above, violates the UCL in the following respects:

(a)     Defendant's policies and practices of failing to provide duty free meal and rest periods, failing to timely pay all wages owed, and failing to provide accurate itemized statements, constitute unlawful business practices by definition and, thus, violate the UCL;

(b)     Defendant's policies and practices of failing to provide duty free meal and rest periods, failing to timely pay all wages owed, and failing to provide accurate itemized statements, constitute unfair business practices because Defendant's practices are unethical, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff, all others similarly situated, and to members of the general public, outweighs the utility, if any, of Defendant's policy and practice;

(c)     Defendant's policies and practices of failing to provide duty free meal and rest periods, failing to timely pay all wages owed, and failing to provide accurate itemized statements, constitute fraudulent business practices because Defendant's practices are likely to mislead and did mislead Plaintiff, all other members of the Class, and members of the general public.

40.     The unlawful, unfair, and fraudulent business practices by Defendant, as described above, present a continuing threat to the public in that consumers, including Plaintiff, throughout California have suffered and continue to suffer an injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent acts or practices. In addition, Defendant has been unjustly enriched as a result of its conduct. Plaintiff, other members of the general public, and members of the Class have no other adequate remedy of law in that absent equitable

1    relief from the Court, Defendant is likely to continue to injure consumers, reap unjust

2    enrichment, and harm the public interest, thus engendering a multiplicity of judicial proceedings.

3         41.    All members of the Class can be identified by reference to records in the

4    possession of Defendant. All members of the Class are entitled to restitution of monies due to

5    them, as well as to disgorgement of the ill-gotten gains obtained by Defendant during the

6    relevant time period as a result of said Defendant's unlawful, unfair, and fraudulent conduct, and

7    to injunctive relief.

8         42.    Plaintiff suffered a direct injury as a result of Defendant's conduct, and brings this

9    action under *Code of Civil Procedure* Section 382. The deprivation by Defendant of Plaintiff'

10   and Class Members' wages for time worked, is an unlawful business practice within the meaning

11   of *Business and Professions Code* Sections 17200, et seq. including, but not limited to: a

12   violation of the applicable State of California Industrial Welfare Commission Wage Orders,

13   regulations and statutes, and further, whether or not in violation of the aforementioned Wage

14   Orders, regulations and statutes, is a practice which is otherwise unfair.

15        43.    This cause of action is brought under *Business and Professions Code* Sections

16   17203 and 17204, commonly called the Unfair Competition Act. Plaintiff and all Class Members

17   seek restitution of all wages earned, including the premium for missed meal and rest periods, and

18   seek restitution of compensation due during the Class Period through the date of trial.

19        44.    Further, Plaintiff requests the violations of Defendant alleged herein be enjoined,

20   and other equitable relief as this Court deems proper.

21        45.    If Plaintiff succeeds in enforcing these rights affecting the public interest, then

22   attorneys' fees may be awarded to Plaintiff and against Defendant under *Code of Civil Procedure*

23   §1021.5 and other applicable law in part because:

24        (a)    A successful outcome in this action will result in the enforcement of

25   important rights affecting the public interest by requiring Defendant to comply with the wage

26   and hour laws and California's unfair business practice law;

27

28

1            (b)     This action will result in a significant benefit to Plaintiff, the Class, and

2    the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and

3    by causing the return of ill-gotten gains obtained by Defendant;

4            (c)     Unless this action is prosecuted, members of the Class and general public

5    will not recover those monies, and many of Defendant's employees would not be aware that they

6    were victimized by Defendant's wrongful acts and practices;

7            (d)     Unless this action is prosecuted, Defendant will continue to mislead its

8    employees about the true nature of their rights and remedies under the wage and hour laws; and

9            (e)     An award of attorneys' fees and costs is necessary for the prosecution of

10   this action and will result in a benefit to Plaintiff, the Class, and to consumers in general by

11   preventing Defendant from continuing to circumvent the wage and hour statutes and frustrate the

12   long-standing recognition by the California legislature and the courts that such statutes, as pled

13   herein, are not merely a matter of private concern between employer and employee to be

14   eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private

15   agreements. Rather, the wage and hour statutes have been described as a matter of public

16   concern, were designed to provide minimum substantive guarantees to individual workers, and

17   are essential to public welfare.

18

19   **PRAYER FOR RELIEF**

20   WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class, prays for relief

21   and judgment as follows:

22        a.     That the Court determine that this action may be maintained as a class action and

23   certify the Class on all Causes of Action;

24        b.     That the Court determine that the failure of Defendant to pay for all time worked,

25   provide duty-free meal and rest periods, and provide accurate itemized wage statements, be

26   adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

27        c.     That judgment be entered for compensation for Plaintiff and Class Members on

28   the First and Second Causes of action, according to proof;

14

**COMPLAINT**

1    d.    That judgment be entered for damages and/or penalties for Plaintiff and Class

2  Members on the First, Second, and Third Causes of Action, according to proof;

3    e.    That Defendant be found to have engaged in unfair competition in violation of

4  *Business and Professions Code* Section 17200;

5    f.    That Defendant be ordered and enjoined to pay restitution to Plaintiff and Class

6  Members due to Defendant's unlawful and unfair competition, including wrongfully withheld

7  compensation, and interest thereon, pursuant to *Business and Professions Code* Sections 17203

8  and 17204, according to proof;

9    g.    That Plaintiff and the Class be awarded attorneys' fees and costs pursuant to

10  statute, including but not limited to, *Labor Code* Sections 218.5, 226, and *Code of Civil*

11  *Procedure* Section 1021.5;

12    h.    Otherwise determine the appropriate remedy to compensate Plaintiff and Class

13  Members as required to promote fairness and justice;

14    i.    Prejudgment interest; and

15    j.    Any other relief as this Court deems proper.

16  Dated: June 4, 2014                    WESTRUP & ASSOCIATES

17

18                                         By:_____

19                                         PHILLIP R. POLINER
                                           Attorneys for Plaintiff, the Class, and the
20                                         general public

21

22

23

24

25

26

27

28

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

Dated:  June ___, 2014

WESTRUP & ASSOCIATES

By:_____

PHILLIP R. POLINER
Attorneys for Plaintiff, the Class, and the
general public

16
**COMPLAINT**