1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE RODRIGUEZ, on behalf of himself and all of others similarly situated,<br><br>             Plaintiffs,<br><br>     v.<br><br>KRAFT FOODS GROUPS, INC., a Virginia corporation, and DOES 1 through 100, inclusive,<br>             Defendant. | Case No.: 1:14-cv1137-LJO-EPG<br><br>ORDER AFTER HEARING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

The Court held a hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement on December 4, 2015. R. Duane Westrup personally appeared on behalf of the Plaintiffs, and Douglas Farmer appeared on behalf of the Defendant.  The Court heard arguments on a number of issues regarding the fairness of the settlement and requested additional information on several issues. Accordingly, no later than **January 8, 2015**, the parties shall provide the following information to the Court:

### I.     Fairness of the Class Settlement

It is well established that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct.

1

2541, 2550 (2011). Moreover, Rule 23(a) provides that the named plaintiffs are appropriate representatives where: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

As discussed on the record, more information is needed to determine if Mr. Rodriquez adequately represents the class.  Accordingly, Mr. Rodriquez shall submit a supplemental declaration outlining his specific allegations and how they are representative of the class.  Mr. Rodriguez may also provide additional information related to his contributions to the litigation, so the Court can assess an appropriate payment for serving as a class representative.

Additionally, the Defendant indicated that approximately 150 employees were interviewed regarding the frequency of missed meals and that a summary of this information is available. The Defendant shall provide all declarations or related summaries of this investigation to the Court, to the extent they are not privileged.

Furthermore, the parties indicated that the class suffered missed or late meals approximately 70 to 75 percent of the time, however, class members are only getting compensated for one hour of time per week, at an hourly rate of ten dollars an hour.  Plaintiffs' counsel indicated that one hour of pay a week is the standard compensation for this type of wage and hour violation.  Plaintiff shall provide any legal support for this proposition.

Finally, the parties shall indicate what the average hourly rate of pay is for all employees in the purported class, so that the Court can assess whether ten dollars an hour is a fair hourly rate of reimbursement for the class. Counsel shall also indicate whether it is feasible to use the actual rate of pay for each affected employee, in lieu of the ten dollar an hour amount.

**II.     Injunctive Relief/Prevention of Future Violations**

Defendant shall submit an affidavit from a business person with personal knowledge outlining what steps have been taken to rectify the problems contained in the complaint, and what practices have been devised to prevent future violations.

///

### III. The Notice to Class Members.

The following changes need to be made to the Notice to the Class Members (Doc. 35-2, pgs. 33-39). Additionally, these changes shall also be incorporated into the corresponding sections of the Settlement Agreement (Doc. 34, pgs. 14-31):

A) The time for disputing the number of qualified work shifts for purposes of calculating the gross payout amount shall be changed from thirty (30) to forty-five days (45) in Section 5, pgs. 2-3, "What are the Terms of the Class Settlement;"

B) The notice shall be clear that the release of claims in Section 6, pg. 3, "How Does the Settlement Affect My Rights," is only limited to the time outlined in the complaint, rather than a complete release of these claims without a time limitation;

C) Under Section 6, pg. 3, "How Does the Settlement Affect My Rights," shall indicate that the Stipulation of Settlement and Release can be viewed at the United States District Court for the Eastern District of California, *and* by contacting Plaintiff's counsel at the address listed at the end of the document;

D) Plaintiffs shall be advised under Section 7, pg. 3, "What Do I Need To Do to Receive a Settlement Payment," that they will receive the settlement payment approximately twenty (20) days after *the Court's order* on the Final Approval, rather than twenty days after the final approval hearing itself;

E) If participants want to object, under Section 8, pg. 3, "What if I Don't Want to Participate in this Settlement," they shall be provided with a check-off form indicating their desire to be excluded, as well as a self-addressed stamped envelope to do so. Moreover, the address and specific contact information of the claims administrator shall be included in this section. Finally, potential class members may request that they may opt-out of the class within sixty (60) days of the mailing of the initial notice to class members;

F) The explanation of the PAGA claims outlined on the top of page 4 under this same section needs to be more fully explained so that a lay person can understand this provision;

G) Under Section 9, pg. 4, "What if I Want to Object to this Settlement," class members shall be advised that objections can be filed up to thirty days before the hearing, and they can

appear personally or by telephone at the hearing. Moreover, failure to file a written objection will not prevent class members from objecting at the hearing, however, the Court may choose not to address the objection if a written objection is not timely filed as required. These modifications shall also be incorporated as appropriate in Section 16, pg. 6. Moreover, the address and specific contact information of the claims administrator shall be included in this section, as well as in Section 17, "How Do I Get More Information." Finally, the case number under this section shall be changed to "EPG" rather than "GSA," to reflect the judicial reassignment of this case; and

H) Section 13, "How Will the Lawyers Be Paid," shall include a sentence indicating that copies of any Motion for Attorney's Fees may be obtained by contacting class counsel at the address listed at the end of the document, and that any objections to the Motion for Attorney's Fees can be filed with the Court, or be made at the time of the final approval hearing.

### IV. Attorney's Fees

Plaintiffs' counsel shall file a formal Motion for Attorney's fees. The motion may be filed separately, or as part of the Motion for Final Approval of the Class Settlement. Any motion for attorneys' fees shall include documentation of any billable hours and evidence supporting the reasonableness of the hourly rate requested.

IT IS SO ORDERED.

Dated: **December 14, 2015**          /s/ *Erica P. Grosjean*
                                      UNITED STATES MAGISTRATE JUDGE