# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODRIGUEZ, on behalf of himself and all of others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KRAFT FOODS GROUPS, INC., a Virginia corporation, and DOES 1 through 100, inclusive,<br>　　　　　　　　Defendant. | Case No.: 1:14-cv-1137-LJO-EPG<br><br>ORDER AFTER SUPPLEMENTAL BRIEFING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

　　　　The Court held a hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement on December 4, 2015. R. Duane Westrup personally appeared on behalf of the Plaintiffs, and Douglas Farmer appeared on behalf of the Defendant. (Doc. 38). The Court heard arguments regarding the fairness of the settlement, and ordered supplemental briefing on several issues. (Doc. 40). The Court is reviewing those supplemental materials now. (Docs. 42-44).

　　　　However, a review of the amended Notice of Proposed Class Action Settlement ("Notice") (Doc.44-1), reveals that changes the Court ordered have not been made, or are insufficient. Accordingly, **within five (5)** Court days, a further amended Notice shall be filed to include the

1

changes previously directed by the Court.  Specifically, the following orders (in relevant parts) have not been adequately addressed by the parties:

(A) *The notice shall be clear that the release of claims in Section 6, pg. 3, "How Does the Settlement Affect My Rights," is only limited to the time outlined in the complaint, rather than a complete release of these claims without a time limitation. (Doc. 40, pg. 3).*

    Although the language of this section was changed, the changes are insufficient.  There is no mention of the time limitation, nor is it clear that the settlement is limited only to those claims raised in this lawsuit (Doc. 44-1, pg. 4);

(B) *The explanation of the PAGA claims outlined on the top of page 4 under this same section needs to be more fully explained so that a lay person can understand this provision. (Doc. 40, pg. 3).*

    Again, the modified language is insufficient. More information needs to be provided to class members explaining what PAGA is, and why class members will be getting a PAGA payment (Doc. 44-1, pg. 5);

(C) *Under Section 9, pg. 4, "What if I Want to Object to this Settlement," class members shall be advised that objections can be filed up to thirty days before the hearing, and they can appear personally or by telephone at the hearing.  Moreover, failure to file a written objection will not prevent class members from objecting at the hearing, however, the Court may choose not to address the objection if a written objection is not timely filed as required. These modifications shall also be incorporated as appropriate in Section 16, pg. 6. Moreover, the address and specific contact information of the claims administrator shall be included in this section.(Doc. 40, pgs. 3-4).*

    Although class members are advised that they have thirty days to file objections and that they can appear telephonically on page 4, the top of page 5 states the following : "IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FINAL APRROVAL HEARING." (Doc. 44-1, pgs. 5-6). These directions are inconsistent.  Furthermore, under section 16, "May I Speak at the Final Approval Hearing"

(Doc. 44-1, pg. 7), class members are advised that they may speak at the hearing only if they timely served and filed an objection. All of these sections need to be consistent so it is clear that a failure to file a written objection will not preclude class members from speaking at the hearing, however, the Court may choose not to address a purely spoken objection if a written objection is not timely filed as required.

Similarly, although the Notice directs class members to file an objection with the claims administrator, the phone number of the claims administrator has not been provided in this section, nor has phone number been provided in a Section 17 "How Do I Get More Information," in which class members are advised that they may contact the claims administrator by telephone if they have questions about the settlement. (Doc. 44-1, pgs. 5 and 7). The telephone number of the claims administrator shall be included in both sections. The actual address of the claims administrator shall also be included on the self-addressed stamped envelope that is being sent to class members if they wish to opt out of the settlement. (Doc. 44-1, pg. 10);

*(D)* Finally, counsel shall carefully proof-read the final Notice as there are still grammatical errors in this document. *See*, Section 5, "What are the Terms of the Class Settlement?"

IT IS SO ORDERED.

Dated: __**January 15, 2016**__          /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

3