1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOSE RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>KRAFT FOODS GROUP, INC., a Virginia corporation; and DOES 1 through 100, inclusive,<br><br>            Defendant. | Case No. 1:14-CV-01137-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RE: PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**(Doc. 35)** |

Plaintiff Jose Rodriguez's ("Plaintiff") Motion for Preliminary Approval of Class Action Settlement (Doc. 35), came before this Court on December 4, 2015. Following the hearing, the Court ordered supplemental briefing. (Docs. 40, 42-46). Having considered all of the pleadings including the supplemental materials, it is recommended that the Motion for Preliminary Approval of Class Settlement (Doc. 35) be granted, subject to the following findings and orders:

1. At the preliminary approval stage, a court determines whether a proposed settlement is "within the range of possible approval," and whether or not notice should be sent to class members. *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 205 (5th Cir.1981); *True v. American Honda Motor Co.*, 749 F. Supp. 2d 1052, 1062 (C.D. Cal. 2010); *see also* Manual for Complex Litigation § 21.632. At the final approval stage, the Court takes a closer look at the proposed settlement, taking into consideration objections and any other further developments in order to make a final fairness determination. *True*, 749 F. Supp. 2d at 1063.

Upon a review of the filings including supplemental briefing, as well as extensive oral argument, the Court grants preliminary approval of the settlement agreement based upon the terms set forth in the Stipulation of Settlement between Plaintiff and Defendant Kraft Heinz Food Company, formerly Kraft Foods Group, Inc. ("Settlement") filed on November 4, 2015 (Doc. 35-2, pgs. 14-31)[1] :

2. The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject to any objections that may be raised at the final fairness hearing and final approval by this Court.

3. A final fairness hearing on the question of whether the proposed Settlement, attorneys' fees, costs to class counsel, and the class representative service payment/award should be finally approved as fair, reasonable, and adequate, will be held in accordance with the schedule set forth below.

---

[1] This recommendation incorporates modifications to procedures class members must follow for filing objections, and opting-out of the class, as outlined later in this decision, and in the Revised Notice of Pendency of Class Members filed on January 26, 2016. (Doc. 46-1). The approval does *not* incorporate the claims-made method of distribution proposed by the parties in the supplemental briefing. (Doc. 44, pgs. 9-10).

1

4. The Court approves the form and content of the Notice of Pendency of Class Action ("Notice") filed on January 25, 2016 (Doc. 46-1), with the following modifications:

a. The first paragraph in Section 5 shall be amended to indicate that District Court Judge Lawrence J. O'Neill, rather than Magistrate Judge Erica P. Grosjean, preliminary approved the settlement (Doc. 46-1, pg. 3)[2]; and

b. The second paragraph in Section 8, which explains the PAGA claims, shall be deleted and the following language inserted (all other paragraphs in that section shall remain as written) :

> If you timely request to be excluded from the settlement, you will not be bound by anything that happens in this lawsuit and will not receive payment under the Settlement. ***Except***, if the Settlement is approved, the Settlement will bar further claims brought under the Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2399 *et seq*, which allows aggrieved employees to bring civil actions to recover penalties for violations of the Labor Code. An action under PAGA is an enforcement action, in which an aggrieved employee acts as a private attorney general to collect penalties from employers who violate labor laws. The employees who file the actions may collect monetary penalties. The penalties collected would be distributed as follows: 50% to the General Fund, 25% to the agency for education, and 25% to the aggrieved employee. A plaintiff may recover civil penalties under this statue without satisfying class action certification requirements. *See*, *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, you will receive a payment from Kraft Heinz for the amount of your individual share of the PAGA claim even if you ask to be excluded from the class.

5. This Court approves the procedures for class members to participate in, to opt-out of, and to object to the settlement, as set forth in the Settlement (Doc. 35-2) incorporating the changes made in the Revised Notice (Doc., 46-1), with the above modifications.

6. This Court directs the mailing of the Notice by first class mail to the class members in accordance with the schedule set forth below.  The dates selected for the mailing and distribution of the Notice meet the requirements of due process, provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to class members.

---

[2] Although the undersigned issues these Findings and Recommendations, District Court Judge Lawrence J. O'Neill will issue the final order on this motion.

2

7. The class is certified for settlement purposes only.

8. The Court appoints Jose Rodriguez as class representative, and R. Duane Westrup of Westrup &Associates, as class counsel for settlement purposes only.

9. This Court appoints CPT Group, Inc. as the claims administrator.

10. The following dates shall govern for purposes of this Settlement:

| | | |
|---|---|---|
| a. | Deadline for Defendant to Submit Class Member Information to Claims Administrator | [Within 25 calendar days after Order granting Preliminary Approval] |
| b. | Deadline for Claims Administrator to Mail the Notice to Class Members | [Within 15 calendar days after Order granting Preliminary Approval] |
| c. | Deadline for Receipt of any Objections to Settlement | [30 calendar days prior the final approval hearing] |
| d. | Deadline for Class Members to Postmark Opt-Out Requests | [60 calendar days after mailing of the Notice to Class Members] |
| e. | Deadline for Class Counsel to file Motion for Final Approval of Settlement and for Attorneys' Fees, Costs, and the Class Representative Service Payment | [45 court days before the Final Approval Hearing] |
| f. | Deadline for Parties to File Declaration from Claims Administrator of Due Diligence and Proof of Mailing | [16 court days before Final Approval Hearing] |

3

| | | |
|---|---|---|
| g. | Final Fairness Hearing | **July 8, 2016 at 10:00 a.m.** in Courtroom 10 before Magistrate Judge Erica P. Grosjean |
| h. | Deadline for Claims Administrator to mail the Settlement Awards, Service Payments, and to wire/transfer the Attorneys' Fees and Costs if the settlement is approved. | [No later than 10 calendar days after the final settlement approval date] |

The Court expressly reserves the right to continue or adjourn the final approval hearing without further notice to the class members.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B). Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  A failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F. 2d 1391, 1394 (9th Cir. 1991); *Martinez v. YIst*, 951 F. 2d 1153 (9th Cir. 1991).

///
///
///
///
///
///

4

*The parties are advised that if there are no objections to this Recommendation, each counsel shall file of a statement of non-opposition, as this will shorten the objection period and facilitate the adjudication of this motion by the District Court Judge.*

IT IS SO ORDERED.

   Dated:   **February 5, 2016**                    /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE