UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOSE RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>   vs.<br><br>KRAFT FOODS GROUP, INC., a Virginia corporation; and DOES 1 through 100, inclusive,<br><br>   Defendant. | Case No. 1:14-CV-01137-LJO-EPG<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**(Docs. 35 and 48)** |

On June 5, 2014, Plaintiff Jose Rodriguez, individually, and on behalf of himself and others similarly situated, initiated this class action in the Fresno County Superior Court alleging various wage and hour violations against Defendant, Kraft Foods.  On July 18, 2014, Defendant removed this case to this Court claiming federal jurisdiction is proper pursuant to 28 § 1332(d), the Class Action Fairness Act of 2005 ("CAFA").  (Doc. 1, pg. 2).

On November 4, 2015 Plaintiff filed a Motion for Preliminary Approval of the Class Action Settlement.  (Doc. 35).  On November 25, 2015, Defendant filed a non-opposition to the motion.  (Doc. 37).  On December 4, 2015, Magistrate Judge Erica P. Grosjean held a hearing on Plaintiff Jose Rodriguez's ("Plaintiff") Motion for Preliminary Approval of Class Action Settlement.  Following the hearing, the Court ordered supplemental briefing. (Docs. 40, 42-46), and on February 8, 2016, the Magistrate Judge issued Findings and Recommendations recommending that the Motion for Preliminary Approval be granted with some modifications.  (Doc. 35).  The Findings and Recommendations were served on all of the parties with instructions that any objections must be filed within fourteen (14) days.  The parties have filed a joint statement of non-opposition.  (Doc. 49).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c), this Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.  Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations dated February 8, 2016 (Doc. 48), are ADOPTED IN FULL.  The Motion for Preliminary Approval of Class Settlement is GRANTED, subject to the following findings and orders:

2.      The Settlement [1] falls within the range of reasonableness and appears to be presumptively valid, subject to any objections that may be raised at the final fairness hearing and final approval by this Court.

---

[1] The Settlement comprises the terms as set forth in the Stipulation of Settlement and Release filed on November 4, 2015 (Doc. 35-2) and the modifications made to the Notice of Pendency of Class Action (Doc. 46-1) as outlined in this order.

1

3.      A final fairness hearing on the question of whether the proposed Settlement, attorneys' fees, costs to class counsel, and the class representative service payment/award should be finally approved as fair, reasonable, and adequate, will be held in accordance with the schedule set forth below.

4.      The Court approves the form and content of the Notice of Pendency of Class Action ("Notice") filed on January 25, 2016 (Doc. 46-1), with the following modifications:

a. The first paragraph in Section 5 shall be amended to indicate that District Court Judge Lawrence J. O'Neill, rather than Magistrate Judge Erica P. Grosjean, preliminary approved the settlement (Doc. 46-1, pg. 3); and

b. The second paragraph in Section 8, which explains the PAGA claims, shall be deleted and the following language inserted (all other paragraphs in that section shall remain as written) :

> If you timely request to be excluded from the settlement, you will not be bound by anything that happens in this lawsuit and will not receive payment under the Settlement. ***Except***, if the Settlement is approved, the Settlement will bar further claims brought under the Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2399 *et seq*, which allows aggrieved employees to bring civil actions to recover penalties for violations of the Labor Code. An action under PAGA is an enforcement action, in which an aggrieved employee acts as a private attorney general to collect penalties from employers who violate labor laws. The employees who file the actions may collect monetary penalties. The penalties collected would be distributed as follows: 50% to the General Fund, 25% to the agency for education, and 25% to the aggrieved employee. A plaintiff may recover civil penalties under this statue without satisfying class action certification requirements. *See*, *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, you will receive a payment from Kraft Heinz for the amount of your individual share of the PAGA claim even if you ask to be excluded from the class.

5.      This Court approves the procedures for class members to participate in, to opt-out of, and to object to the settlement, as set forth in the Settlement (Doc. 35-2) incorporating the changes made in the Revised Notice (Doc., 46-1), with the above modifications.

6.      This Court directs the mailing of the Notice by first class mail to the class members in accordance with the schedule set forth below.  The dates selected for the mailing and distribution of the Notice meet the requirements of due process, provide the best notice

practicable under the circumstances, and shall constitute due and sufficient notice to class members.

7. The class is certified for settlement purposes only.

8. The Court appoints Jose Rodriguez as class representative, and R. Duane Westrup of Westrup &Associates, as class counsel for settlement purposes only.

9. This Court appoints CPT Group, Inc. as the claims administrator.

10. The following dates shall govern for purposes of this Settlement:

| | | |
|---|---|---|
| a. | Deadline for Defendant to Submit Class Member Information to Claims Administrator | [Within 25 calendar days after Order granting Preliminary Approval] |
| b. | Deadline for Claims Administrator to Mail the Notice to Class Members | [Within 15 calendar days after Order granting Preliminary Approval] |
| c. | Deadline for Receipt of any Objections to Settlement | [30 calendar days prior the final approval hearing] |
| d. | Deadline for Class Members to Postmark Opt-Out Requests | [60 calendar days after mailing of the Notice to Class Members] |
| e. | Deadline for Class Counsel to file Motion for Final Approval of Settlement and for Attorneys' Fees, Costs, and the Class Representative Service Payment | [45 court days before the Final Approval Hearing] |
| f. | Deadline for Parties to File Declaration from Claims | [16 court days before Final Approval Hearing] |

3

| | | |
|---|---|---|
| | Administrator of Due Diligence and Proof of Mailing | |
| g. | Final Fairness Hearing | **July 8, 2016 at 10:00 a.m.** in Courtroom 10 before Magistrate Judge Erica P. Grosjean |
| h. | Deadline for Claims Administrator to mail the Settlement Awards, Service Payments, and to wire/transfer the Attorneys' Fees and Costs if the settlement is approved. | [No later than 10 calendar days after the final settlement approval date] |

The Court expressly reserves the right to continue or adjourn the final approval hearing without further notice to the class members.

**IT IS SO ORDERED**
**Dated: March 3, 2016**

                                            **/s/ Lawrence J. O'Neill**
                                            **United States District Judge**