R. DUANE WESTRUP (State Bar No. 58610)
jveloff@westrupassociates.com
CAT N. BULAON (State Bar No. 206612)
cbulaon@westrupassociates.com
WESTRUP & ASSOCIATES
444 West Ocean Boulevard, Suite 1614
Long Beach, California  90802-4524
Telephone:   (562) 432-2551
Facsimile:   (562) 435-4856

Attorneys for Plaintiff
JOSE RODRIGUEZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| JOSE RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KRAFT FOODS GROUP, INC., a Virginia corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 1:14-CV-01137-LJO-EPG<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Motion For An Award Of Attorney's Fees, Approval Of Administrative Expenses, Reimbursement Of Costs And Incentive Award Payments; Request for Judicial Notice; Declarations of R. Duane Westrup and Rodriguez; and Proposed Order filed concurrently herewith]<br><br>Date:    July 8, 2016<br>Time:    10:00 a.m.<br>Ctrm.    10<br>Judge:   Hon. Erica P. Grosjean |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on July 8, 2016, at 10:00 AM, or as soon thereafter as counsel can be heard in Courtroom 10 of the above-entitled court, located at 2500 Tulare Street, Fresno, CA 93721, Plaintiff Jose Rodriguez ("Plaintiff"), will request by way of this motion an Order granting final approval of the class action settlement, class representative's service award, and attorneys' fees and litigation costs.  Good cause exists for granting this motion because the settlement reached and the amounts requested for the service award and attorneys' fees and costs are fair, reasonable and adequate.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto; the accompanying Motion for an Award of Attorney's Fees, Approval of Administrative Expenses, Reimbursement of Costs and Incentive Award Payments; the Declarations of R. Duane Westrup and Plaintiff, the Stipulation and Agreement for Class Action Settlement on file with the Court, and any other documents or evidence which the Court may consider at the hearing.

DATED: May 6, 2016               WESTRUP & ASSOCIATES


                                 By:     /s/  R. Duane Westrup
                                        R. DUANE WESTRUP
                                 Attorneys for Plaintiff and the Putative Class

**Table of Contents**

I.    COMPLAINT, LITIGATION AND SETTLEMENT ................................................... 1

II.    THE COURT SHOULD GRANT FINAL APPROVAL .............................................. 2

    A.    Strength of Plaintiff's Case ............................................................................ 2

    B.    The Risk, Expense, Complexity, and Duration of Further Litigation and the Risk of Maintaining Class Action Status Through Trial .................... 3

    C.    The Amount Offered In Settlement ................................................................ 5

    D.    Discovery Completed and the Stage of the Proceedings ................................ 6

    E.    The Settlement Presents a Reasonable Compromise Providing Substantial Benefits to the Class Members ....................................................... 7

    F.    Absence of Collusion ...................................................................................... 8

    G.    The Experience and Views of Counsel ........................................................... 8

    H.    Reaction of the Class Members to the Proposed Settlement .......................... 8

III.    CONCLUSION ........................................................................................................ 10

**Cases**

Barcia v. Contain-A-Way, Inc., 2009 WL 587844, at *4 (S.D. Cal. 2009) ....................................... 9

Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992)........................................ 2, 8

Create-A-Card, Inc. v. Intuit, Inc., 2009 WL 3073920, at *15 (N.D.Cal. 2009) .............................. 8

Curtis-Bauer v. Morgan Stanley & Co., Inc., 2008 WL 4667090, at *4............................................ 3

Dillard v. City of Foley, 926 F.Supp. 1053, 1063 (M.D. Ala. 1995) ................................................ 9

Gottlieb v. Wiles, 11 F.3d 1004, 1013 (10th Cir. 1993)..................................................................... 9

Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) ...................................................... 2

Hemphill v. San Diego Ass'n of Realtors, Inc., 225 F.R.D. 616, 620 (S.D. Cal. 2004) ................... 9

In re Corrugated Container Antitrust Litig., 643 F.2d 195, 212 (5th Cir. 1981)............................... 8

In re Enron Corp. Securities, Derivative & "ERISA" Litigation, 228 F.R.D. 541, 565 (S.D. Tex. 2005).................................................................................................................................................. 3

In re Fleet/Norstar Sec. Litig., 935 F.Supp. 99, 107 (D. R.I. 1996) .................................................. 9

In re Marine Midland Motor Vehicle Leasing Litig., 155 F.R.D. 416, 420 (W.D.N.Y. 1994).......... 9

In re Michael Milken and Assoc. Sec. Litig., 150 F.R.D. 46, 56-57 (S.D.N.Y. 1993) ...................... 9

In re Prudential Sec. Inc. Ltd. P'ships Litig., 163 F.R.D. 200, 210 (S.D.N.Y.1995)......................... 3

Jaffe v. Morgan Stanley & Co., Inc., 2008 WL 346417, at *9 (N.D. Cal. 2008).............................. 6

Labor Code § 226.7 ............................................................................................................................ 1

Labor Code §§ 226.7, 512 .................................................................................................................. 1

Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 526 (C.D. Cal. 2004) ........... 5, 8

Nelson v. Bennett, 662 F.Supp. 1324, 1327 n.4 (E.D. Cal. 1987) ..................................................... 6

Officers for Justice v. Civil Service Comm'n of City and Cnty. of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982) ...................................................................................................................... 3, 5

Rodriguez v. West Publ'g Corp., 563 F.3d 948, 963 (9th Cir. 2009) ........................................ passim

Stoetzner v. U.S. Steel Corp., 897 F.2d 115, 118-19 (3d Cir. 1990)................................................. 9

Tech-Bilt, Inc.v. Woodward-Clyde & Associates, 38 Cal.3d 488, 499, 213 Cal. Rptr. 256 (1985).. 6

Williams v. Vukovich, 720 F.2d 909, 922 (6th Cir. 1983)................................................................ 5

**Statutes**

*Labor Code* § 1174 ............................................................................................................................ 1

*Business and Professions Code* §17200 ........................................................................................... 1

*Labor Code* § 2399 ............................................................................................................................ 1

*Labor Code* § 512 .............................................................................................................................. 1

*Labor Code* §§ 201-204 ..................................................................................................................... 1

*Labor Code* § 226 .............................................................................................................................. 1

*Labor Code* §§ 226.7, 512 ................................................................................................................. 1

**Rules**

F.R.C.P. 30(b)(6) ................................................................................................................................ 1

*Federal Rules of Civil Procedure*, Rule 23(e) ................................................................................ 2, 9

*Federal Rules of Civil Procedure*, Rule 23(e)(2) .............................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   COMPLAINT, LITIGATION AND SETTLEMENT

On June 5, 2014, Plaintiff filed a class action complaint against Kraft Heinz Food Company, formerly Kraft Foods Group, Inc. (hereinafter, "Kraft Heinz" or "Defendant") on behalf of himself and others similarly situated based upon Kraft Heinz's (1) failure to provide meal and rest breaks in violation of *Labor Code* §§ 226.7, 512; (2) failure to timely pay wages upon termination of employment in violation of *Labor Code* §§ 201-204; (3) failure to maintain and provide accurate itemized wage statements in violation of *Labor Code* §§ 226, 1174; (4) violation of California's Private Attorney General Act, *Labor Code* § 2698 *et seq.*; and (5) violation of California's Unfair Competition Law, *Business and Professions Code* §17200.

Following the filing of the complaint, the Parties exchanged discovery and engaged in protracted litigation, reviewed and analyzed documents and records of class members including a statistically relevant sampling of time records, took multiple depositions of Kraft Heinz's corporate designees (i.e., F.R.C.P. 30(b)(6) depositions), and obtained additional data and information to calculate damages.  *Declaration of R. Duane Westrup* ("*Westrup Decl.*") ¶ 2.

On June 16, 2015, the parties attended mediation in San Francisco with Alan Berkowitz, a well respected mediator.  However, the Parties were unable to resolve the matter during the mediation, and continued to engage in post-mediation discussions with the assistance of Mr. Berkowitz.  This included, but is not limited to, an analysis of additional information from Kraft Heinz.  On September 17, 2015, Mr. Berkowitz provided the Parties with a mediator's proposal to which they accepted.  In summary, the class settlement is for $1,750,000 with no amount to revert back to Kraft Heinz. *Westrup Decl.* ¶ 3.

On March 3, 2016, the Court granted preliminary approval of the Class Action Settlement. (Dkt. 50).  Class Notices of the settlement were mailed on April 12, 2016.  The objection and opt-out periods will close on June 8, 2016, and June 11, 2016, respectively.[1]  Approximately 1,005

---

[1] According to the implementation schedule, Plaintiff's Motions for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and the Class Representative Service Payment are due on May 6, 2016, i.e., 33-36 days before the objection and opt-out periods end.  As a result, Class Counsel will file a supplemental declaration to address any objection and/or opt-out submitted after the filing of this motion, concurrently with the declaration from the claims

1   Class Notices were mailed.  As of May 2, 2016, *not a single class member filed an objection* and
2   only 7 class members requested to be excluded from sharing the Net Settlement Amount of
3   $1,121,100[2].  The parties now seek final approval of their arms-length settlement, which is the final
4   step before payments can be made to the class members.  *Westrup Decl.* ¶ 4.

5   **II.     THE COURT SHOULD GRANT FINAL APPROVAL**

6   When considering a motion for final approval of a class action settlement under *Federal*
7   *Rules of Civil Procedure*, Rule 23(e), the Court evaluates whether the settlement is "fair, adequate,
8   and reasonable."  *Federal Rules of Civil Procedure*, Rule 23(e)(2), *Hanlon v. Chrysler Corp.*, 150
9   F.3d 1011, 1026 (9th Cir. 1998) (setting forth factors to be considered for approval of class
10  settlement); *Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 963 (9th Cir. 2009); *see also Class*
11  *Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  A settlement is fair, adequate,
12  and reasonable when "the interests of the class are better served by the settlement than by further
13  litigation." *Manual for Complex Litigation* (4th 2004) § 21.61.  The decision to approve or reject a
14  proposed settlement is committed to the Court's discretion, but "[t]his circuit has long deferred to
15  the private consensual decision of the parties." *Rodriguez*, 563 F.3d at 965; *see also Hanlon*, 150
16  F.3d at 1027 (approval of class settlement was proper after several months of negotiation where
17  there was "[n]o evidence of collusion").  In evaluating whether the settlement is fair, the Court
18  should not second-guess the settlement's terms.

19  **A.     Strength of Plaintiff's Case**

20  The first fairness factor addresses Plaintiff's likelihood of success on the merits and the
21  range of possible recovery. *See Rodriguez*, 563 F.3d at 964-65.  In determining the probability of
22  Plaintiff's success on the merits, there is no "particular formula by which that outcome must be
23  tested." *Id.* at 965.  Rather, the Court's assessment of the likelihood of success is "nothing more
24  than an 'amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for*

---

27  administrator on June 15, 2016.

28  [2] $1,750,000 Total Settlement Amount - $15,000 for cost of administration of the settlement - $10,000 for the class representative for an enhancement - $583,275 for attorneys' fees and $15,000 for costs - $5,625 to LWDA (i.e., $7,500 - $1,875 to the class for PAGA penalty) = $1,121,100 ("Net Settlement Amount").

1  *Justice v. Civil Service Comm'n of City and Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir.
2  1982) (citation omitted).  Nor, at this stage, need the Court "reach any ultimate conclusions on the
3  contested issues of fact and law which underlie the merits of the dispute, for it is the very
4  uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce
5  consensual settlements."  *Id*. Instead, the Court may presume that through negotiation, the parties,
6  their counsel, and the mediator arrived at a reasonable range of settlement by considering
7  Plaintiff's likelihood of recovery. *See Rodriguez*, 563 F.3d at 965.

8        Plaintiff asserts that he would prevail at class certification and on liability as Defendant's
9  meal period policy and practice did not comply with the law as clarified by *Brinker v. Sup. Ct.*
10 (2012) 53 Cal.4th 1004.  Defendant, on the other hand, will assert that individualized issues
11 preclude class certification.

12
13       **B.**    **The Risk, Expense, Complexity, and Duration of Further Litigation and the Risk of Maintaining Class Action Status Through Trial**

14       The second fairness factor – the complexity, expense, and likely duration of the litigation –
15 also weighs in favor of approval. "Settlement avoids the complexity, delay, risk and expense of
16 continuing with the litigation and will produce a prompt, certain, and substantial recovery for the
17 Plaintiff class." *Curtis-Bauer v. Morgan Stanley & Co., Inc.*, 2008 WL 4667090, at *4.  Indeed,
18 there is no doubt that the time and expense of continuing the litigation would be substantial.
19 Avoiding such expenditure of resources and time would benefit all parties and the Court.  *See In re*
20 *Enron Corp. Securities, Derivative & "ERISA" Litigation*, 228 F.R.D. 541, 565 (S.D. Tex. 2005)
21 *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 210 (S.D.N.Y.1995).

22       This case was factually and legally complex and challenging.   For instance, during
23 litigation, Kraft Heinz produced evidence indicating that its five (5) facilities utilized markedly
24 different shift scheduling procedures, and therefore the meal period policies and procedures were
25 not uniformly applied to all putative class members.  Although Plaintiff deposed corporate
26 designees at each Kraft Heinz facilities, additional testimony is necessary since some of the
27 policies and practices changed over the course of time.  Defendant also contends that the job titles
28 and duties of nonexempt hourly paid employees varied at different locations, and include positions

1 that fall outside of "production" work.  Furthermore, collective bargaining agreements and meal
2 waivers applied to some of the facilities.  The number of employees and the enormous amount of
3 data that Plaintiff would have to analyze also presented a challenge.  Further factual inquiries will
4 have to be made for certification and at time of trial.  The work involved in assessing those
5 questions is significant.  *Westrup Decl.* ¶ 5.

6     In addition, Plaintiff filed this action at a time when there was substantial uncertainty
7 concerning the law applicable to the meal and rest period claims asserted in the complaint,
8 including the issue over whether statistical data may be used to establish liability and calculate
9 damages.  Kraft Heinz will likely argue that the case cannot be certified because of the factual
10 differences among policies and procedures instituted at its facilities, and that liability will require
11 individual testimony as to why a class member took a late or short meal period, or skipped it
12 altogether.

13     Until recently, there was a split of authority among Circuit Courts as to whether Plaintiff
14 may seek an aggregate damages award for the class by extrapolating from the average class
15 member.  The split in decisions on the issue of statistical sampling was only resolved after the
16 settlement was preliminary approved by this Court.

17     On June 8, 2015, the U.S. Supreme Court granted Tyson Foods, Inc.'s ("Petitioner")
18 petition for a writ of certiorari in the matter of *Tyson Foods, Inc. v. Peg Bouaphakeo, et al*.
19 Petitioner argued that there is no method to determine damages on a class-wide basis and that
20 statistical evidence is not reliable.  The question presented to the Supreme Court was whether
21 differences among individual class members may be ignored where liability and damages will be
22 determined with statistical techniques that presume all class members are identical to the average
23 observed in a sample.

24     After considering lengthy briefing and oral arguments, the Supreme Court recently issued
25 an opinion on March 22, 2016, wherein the majority held that where the employees worked in the
26 same facilities, under similar work, and were paid under the same policy, a representative or
27 statistical sampling could lead to a fair and accurate estimate of uncompensated meal period
28 premiums.  *Tyson Foods, Inc. v. Bouaphakeo* (U.S., Mar. 22, 2016, No. 14-1146) 2016 WL

1092414, at *11.

Given the length, complexity, and number of issues involved in both class certification and at trial, it is possible the case would not be certified and/or a jury may not reach a unanimous verdict on all issues. Furthermore, even if the jury did reach unanimous verdicts, an appeal is likely. Avoiding a possible negative ruling as to certification, trial and subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation. The above risks associated with class certification, liability, and damages were taken into consideration when resolving the case. *Westrup Decl.* ¶ 6.

In sum, Settlement Class Members have an opportunity for an immediate, guaranteed payout now in lieu of the possibility of an uncertain recovery that will take months, if not years, to achieve. Those facts weigh in favor of settlement. *See Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (noting with respect to class action settlements: "[c]ourt shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, 'It has been held proper to take the bird in hand instead of a prospective flock in the bush.'").

C. **The Amount Offered In Settlement**

The third fairness factor, the amount of recovery offered, *Rodriguez*, 563 F.3d at 963, weighs in favor of final approval. In assessing the consideration obtained by the class members in a class action settlement, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Officers for Justice*, 688 F.2d at 628; *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983) (court may not withhold approval merely because settlement is only a fraction of what a successful plaintiff would have received in a fully litigated case).

Following arms-length negotiations, the Parties reached a compromise. Kraft Heinz agreed to pay a sum equal to $1,750,000 to fund the settlement payments to the Class Members, administration of the settlement and payment of a Service Award and attorney's fees and costs, which will be deducted as follows:

|   |   |
|---|---|
| Total Settlement Amount: | $1,750,000 |
| Attorneys' fees: | ($583,275) |
| Attorneys' costs: | (up to $15,000) |
| Service Award to Plaintiff: | ($10,000) |
| PAGA penalty:  $7,500- $1,875 to the class = | ($5,625) |
| Settlement Administration costs: | ($15,000) |
| Distribution Fund/Net Settlement Amount: | $1,121,100 |

The Claims Administrator appointed by the Court in this matter tracks numerous statistics relating to the Class Members' response to the Settlement.  As of May 2, 2016, there were 1,005 Notice Packages mailed among which only seven (7) requests for exclusion were received and not a single class member submitted an objection.  On its face, this would suggest an approval and response rate of 99.3%.  The average payout per class member is $1,123.35, with the highest payout at $2,633.41.  *Westrup Decl.* ¶ 7.

### D. Discovery Completed and the Stage of the Proceedings

The fourth fairness factor, the extent of discovery and the current stage of the proceedings, likewise supports final approval.  Substantial discovery has been conducted in this case, giving Plaintiff "a good grasp on the merits of [their] case before settlement talks began." *Rodriguez*, 563 F.3d at 967; *see also Jaffe v. Morgan Stanley & Co., Inc.*, 2008 WL 346417, at *9 (N.D. Cal. 2008) (finding approval appropriate where parties had engaged in extensive discovery prior to settlement).  "[P]ractical considerations obviously require that the evaluation be made on the basis of information available at the time of settlement." *Nelson v. Bennett*, 662 F.Supp. 1324, 1327 n.4 (E.D. Cal. 1987) (quoting the California Supreme Court in *Tech-Bilt, Inc.v. Woodward-Clyde & Associates*, 38 Cal.3d 488, 499, 213 Cal. Rptr. 256 (1985)).

Settlement was reached through arm's-length bargaining.  Settlement came only after Class Counsel conducted a sufficient amount of investigation and discovery to allow counsel and the Court to act intelligently.  Plaintiff, for example, propounded discovery, took multiple depositions of Kraft Heinz's corporate designees, examined documents and data, reviewed Class Members' records, met with and interviewed Class Members, consulted with experts, prepared a damage

analysis, participated in a full-day mediation in San Francisco with a respected mediator, engaged in post-mediation discussions, and evaluated additional information from Kraft Heinz. *Westrup Decl.* ¶ 8.

### E. The Settlement Presents a Reasonable Compromise Providing Substantial Benefits to the Class Members

As explained above, this case was legally and factually challenging.  There was substantial uncertainty concerning the law applicable to meal and rest claims, including issues relating to proof.  Defendant has litigated this case vigorously for nearly two years and mounted formidable defenses against whether Plaintiff will be able to certify a class, and vehemently contested key facts.  Prior to mediation, Plaintiff's counsel took several depositions covering Defendant's meal and rest period policies at each of its locations. However, because of the alleged change in meal and rest period policies during the class period, Plaintiff would be required to take a second set of depositions had the case not settled.  *Westrup Decl.*, ¶ 9.

During post-mediation discussions and prior to the mediator's proposal, Defendant provided evidentiary support in favor of its defenses and a detailed analysis to support the settlement.  Among them were:

1. Defendant's contention that the significant differences in the various titles and positions of putative class members among the five facilities preclude Plaintiff's ability to establish adequacy, commonality and typicality;

2. Defendant's contention that some of the facilities utilized collective bargaining agreements that contain valid meal and rest period provisions, that were also modified throughout time, creating individualized legal and factual issues which prevent class certification;

3. Defendant's contention that significant differences exist in the manner of operation at each facility including whether a relief system was implemented or if the operation shuts down during breaks; and

4. Defendant's contention that there are significant differences in the meal policies and procedures implemented at each facility and throughout the class period which preclude class certification.

1 *Westrup Decl.*, ¶ 10.

2     Thus, the Net Settlement Amount of approximately $1.12M being paid to Settlement Class

3 Members is both fair and reasonable when considering the risk of the case not being certified, and

4 the risks associated with liability, damages and appeal. *See In re Corrugated Container Antitrust*

5 *Litig.*, 643 F.2d 195, 212 (5th Cir. 1981).

6     **F.**    **Absence of Collusion**

7     "Before approving a class action settlement, the district court must reach a reasoned

8 judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion

9 among, the negotiating parties." *City of Seattle*, 955 F.2d at 1290. Where, as here, a settlement

10 stems from arms-length negotiations conducted by capable and experienced counsel, the Court may

11 presume that the settlement is fair. *Newberg on Class Actions* (4th 2002) § 11.41.

12     **G.**    **The Experience and Views of Counsel**

13     Counsel's experience and views also support final approval. Counsel for Plaintiff and Kraft

14 Heinz have substantial experience in negotiating the settlement of class actions and employment

15 litigation and concur that the Settlement is fair. Class Counsel recommends the Settlement as

16 being in the best interests of the putative Settlement Class. *See Rodriguez*, 563 F.3d at 967

17 ("'[P]arties represented by competent counsel are better positioned than courts to produce a

18 settlement that fairly reflects each party's expected outcome in litigation[.]'") (citation omitted).

19     Class Counsel has extensive experience in wage and hour class actions. Class Counsel has

20 been appointed Class Counsel in over 40 class action cases during the past 5 years. More

21 specifically, Class Counsel sets forth their experiences and qualifications to act as class counsel in

22 the declaration filed concurrently with this motion. *Westrup Decl*. ¶ 11.

23     **H.**    **Reaction of the Class Members to the Proposed Settlement**

24     "[T]he absence of a large number of objections to a proposed class action settlement raises

25 a strong presumption that the terms of a proposed class settlement action are favorable to the class

26 members." *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal.

27 2004); *Create-A-Card, Inc. v. Intuit, Inc.*, 2009 WL 3073920, at *15 (N.D.Cal. 2009) (court "may

28 appropriately infer that a class action settlement is fair, adequate, and reasonable when few class

8   Case No. 1:14-CV-01137-LJO-EPG
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

members object to it"); *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 620 (S.D. Cal. 2004) ("[W]here the objectors represent only a small percentage of the class, the likelihood of the court granting their discovery request decreases because the court will give great weight to the interest of the majority of the class members.") (emphasis added); Stoetzner v. U.S. Steel Corp., 897 F.2d 115, 118-19 (3d Cir. 1990) (finding that 29 objections out of 281-member class "strongly favors settlement").

As noted above, there were 1,005 Notice Packages mailed and *not a single class member submitted an objection*. *Westrup Decl.*, ¶ 12.  The absence of objections to a proposed class action settlement raises a strong presumption that the settlement terms are favorable to the class members. *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *4 (S.D. Cal. 2009) (absence of objectors "strongly supports the fairness, reasonableness, and adequacy of the settlement"); *In re Marine Midland Motor Vehicle Leasing Litig.*, 155 F.R.D. 416, 420 (W.D.N.Y. 1994); *Dillard v. City of Foley*, 926 F.Supp. 1053, 1063 (M.D. Ala. 1995); *In re Michael Milken and Assoc. Sec. Litig.*, 150 F.R.D. 46, 56-57 (S.D.N.Y. 1993); *In re Fleet/Norstar Sec. Litig.*, 935 F.Supp. 99, 107 (D. R.I. 1996); *Newberg on Class Actions*, (4th 2002) § 11:57 at 186.

Here, the Notice of the Proposed Settlement sent to each Settlement Class Member approved by the Court contained a detailed narrative of the background of the Class Action lawsuit, the terms of the Proposed Settlement, and the Class Action Plaintiff's views about the settlement terms. The Notice also provided Settlement Class Members with clear instructions about how to object to or opt-out of the Proposed Settlement.

The Settlement Class Members have been given comprehensive information about the terms of the Proposed Settlement far exceeding the disclosure generally required in class action settlements. *See, e.g., Gottlieb v. Wiles*, 11 F.3d 1004, 1013 (10th Cir. 1993) (to satisfy Rule 23(e), "[i]t is not necessary to give all of the details of the settlement, but only to 'fairly apprise' the class members of the terms of the settlement").  The fact that not a single class member filed an objection to the settlement speaks volumes with respect to the overwhelming degree of support for the Proposed Settlement among the Settlement Class Members.  Their positive reaction is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate.

**III.     CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court issue an order granting final approval of the class action settlement.

DATED: May 6, 2016                          WESTRUP & ASSOCIATES


                                            By:      /s/  R. Duane Westrup
                                                    R. DUANE WESTRUP
                                            Attorneys for Plaintiffs and the Putative Class