# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE RODRIGUEZ, on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**DRAFT FOODS GROUP, INC., A Virginia corporation, and DOES 1 through 100, inclusive,**<br><br>Defendants. | 1:14-cv-01137-LJO-EPG<br><br>**ORDER TO SUPPLEMENT THE RECORD WITHIN 14 DAYS WITH EVIDENCE SUPPORTING REQUEST FOR ATTORNEYS' FEES** |

Before the Court is Plaintiff's motion for final approval of the class action settlement in this case (Doc. 51) and his companion motion for the award of attorneys' fees (Doc. 52). The assigned Magistrate Judge issued Findings and Recommendations ("F&Rs") that final approval of the settlement be granted, and that Plaintiff's motion for attorneys' fees be granted in part. (Doc. 80.) Plaintiff filed objections to the Magistrate Judge's recommendation to award a lesser amount of attorneys' fees than those requested by Plaintiff. (Doc. 82.)

Plaintiff seeks $583,275 in attorneys' fees, which amounts to 33.3 percent of the gross settlement fund value of $1,750,000. In considering this request, the magistrate judge applied the percentage-of-the-fund method for calculating an award of attorneys' fees and employed the lodestar method as a cross-check. The magistrate judge noted the 33.3 percent attorneys' fee requested by Plaintiff exceeded the federal benchmark of 25 percent, but considering the benefit to the class, the risks involved, the contingent nature of the litigation, and awards made in similar cases, the 33.3 percent requested was reasonable. However, in cross-checking the reasonableness of the percentage requested under the lodestar method, the magistrate judge found the hourly rate sought by Plaintiff's

counsel (between $525 and $700 per hour) was too high and did not comport with the hourly rates of similarly experienced attorneys in this district. *See* Doc. 80, 21:5-10 (citing *Millan v. Cascade Water Servs., Inc.*, No. 1:12-cv-01821-AWI-EPG, 2016 WL 3077710, at *7 (E.D. Cal. June 2, 2016); *Rosales v. El Rancho Farms*, No. 1:12-cv-01934-AWI-JLT, 2015 WL 4460918, at *24 (E.D. Cal July 21, 2015); *Archer v. Gibson*, No. 1:12-cv-00261-LJO-JLT, 2015 WL 9473409, at *13-14 n.6 (E.D. Cal Dec. 28, 2015) (awarding hourly rate of $325 for attorney with more than 25 years of experience).) After a downward adjustment of Plaintiff's counsel's hourly rate to a range of $350 to $400, the magistrate judge calculated the lodestar to be $243,777. Then, considering the pertinent factors and applying Plaintiff's counsel's requested multiplier of 1.84, the total adjusted lodestar was $448,549.69. This amount is 25.6 percent of the total $1,750,000 settlement amount, and thus the lodestar cross-check did not support the 33.3 percentage of the fund requested. The magistrate judge concluded that, "[a]lthough this percentage is less than the 33.3 percent of the total fund requested, it is an appropriate award given the hours counsel expended, the Fresno hourly rates, the size of the class, the complexity of the issues presented, the overall success, the skill with which the case was prosecuted, the substantial legal risks associated with Plaintiffs' claims, and the financial risks borne by Plaintiffs' counsel." (Doc. 80, 24:20-24.)

Plaintiff objects to the downward adjustment of his counsel's hourly rates noting he had submitted examples of other class action settlement approvals in this division of the Eastern District awarding the same attorney hourly rates requested here. In fact, Plaintiff's counsel themselves have received approval in this division of their requested hourly rate. *See Owens v. Kraft Foods Global, Inc.*, No. 1:10-cv-02062-AWI-SMS (approving $700 per hour for R. Duane Westrup); *Miller v. Adecco USA, Inc.*, No. 2:13-cv-01321-TLN-CKD, 2015 WL 4730176 (E.D. Cal. Aug. 10, 2015) (approving $525/hour for associates and $700/hour for R. Duane Westrup); *Taylor v. FedEx Freight, Inc.*, No. 1:13-cv-01137-DAD-BAM, 2016 WL 6038949, at *7 (E.D. Cal. Oct. 12, 2016) (approving $525/hour for senior associates and $700/hour for senior partner R. Duane Westrup). Plaintiff notes the cross-

check is not required, and, moreover, the 33.3 percent of the total settlement is nonetheless reasonable as it is commensurate with a number other wage-and-hour case settlement approvals.  Alternatively, Plaintiff argues that even if the hourly rates are subject to a downward adjustment as the magistrate judge recommended, a higher multiplier should be applied, which would then support the 33.3 percentage of the settlement to be awarded as attorneys' fees.

In calculating the lodestar (including for purposes of performing a cross-check), the court must determine an hourly rate multiplied by the amount of hours reasonably worked.  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  An attorney's hourly rate is calculated according to the prevailing market rates in the relevant community and should comport with the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Shirrod v. Office of Workers' Compensation Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015).  The relevant community is the forum where the district court sits.  *Id.*  "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  "Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

The magistrate judge correctly notes that generally judges in this division have determined the hourly rate for competent and experienced attorneys is between $250 and $400.  *Millan, Rosales, Archer*, *supra; see also Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 460-61 (E.D. Cal. 2013) (noting $400/hour "range" in wage-and-hour class action cases was the prevailing rate in the Eastern District of California, citing cases from the Fresno division).  It is not clear from the face of the case authority cited by Plaintiff why a higher hourly rate was deemed the prevailing market rate in Fresno

other than general citation to prior cases, and the Court declines to cull the records in those cases to determine what other objective evidence may have supported the award of higher hourly rates.

Plaintiff's counsel are located in Long Beach, California; the hourly rates requested by counsel may reflect prevailing rates in that forum, but this is not determinative of the prevailing market rate in Fresno, California.  Because of the conflicting hourly rate determinations among wage-and-hour cases in this division, Plaintiff cannot satisfy his burden to establish the prevailing market rate in the Fresno division with citation to case authority alone.[1]  There must be *objective support* in the record before this Court – i.e., some type of local rate report and/or affidavits of local counsel – that either establish $525 to $700 is the prevailing hourly market rate in Fresno for attorneys of similar experience and skill or that $525 to $700 is an out-of-district hourly rate that should be awarded because local counsel could not be retained or the special expertise of outside-the-district counsel was necessary.  *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days from the date of this order, Plaintiff may file evidence supporting the hourly rate requested in his motion for attorneys' fees; and

2. Upon expiration of this 14 day period, the Court will consider Plaintiffs' motions and the pending F&Rs thereon submitted for final decision.

IT IS SO ORDERED.

Dated:   **November 22, 2016**          /s/ Lawrence J. O'Neill
                                         UNITED STATES CHIEF DISTRICT JUDGE

---

[1] While rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney may be considered satisfactory evidence of the prevailing market rate, these cases are not binding upon the Court nor do they sufficiently satisfy the evidentiary burden of the fee applicant due to the discrepancy in hourly rate awards.  *Compare* Rosales, 2015 WL 4460918, at *24 (finding prevailing hourly rate between $225 to $380 in wage-and-hour class action context) *with Taylor*, 2016 WL 6038949, at *7 (approving $525/hour for senior associates and $700/hour for senior partner R. Duane Westrup).